## LIGHTOLIER CO v DARWAL, INC

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12111.  Decided Nov 2, 1931

Grossman & Grossman, Cleveland, for plaintiff in error.

O. J. Zinner, Cleveland, for defendant in error.

VICKERY, J.

The question before this Court resolves itself down to one single proposition and that is, Was the judgment of the court contrary to the weight of the evidence, the case being tried, I believe, before a judge who sat as a jury.

Now the suit was brought upon a claim that was admitted to be a good claim, admitted to be correct in every particular, but it was urged that it had been paid in the manner above outlined, and so the only defense was payment and that threw the burden of proving payment upon the defendant; and the defendant had the burden of proof and must have proved its defense by a preponderance of the evidence.

The Court having heard the testimony on both sides and the argument of counsel found for the plaintiff; in other words, found that this so-called payment was no payment at all, as the parties were separate and distinct and the matter was charged to The R and E Wood Shops Company without its consent; and apparently as already stated the thirteen tea tables were ordered for the very purpose of creating a 'bill against which it could offset the bill to The Factory Furniture Company in order to get paid indirectly for what The R and E Wood Shops Company was not responsible for, the court must have found that this theory of the case was true.

In any event the court found for the plaintiff denying the claim of the defendant, finding that it had not paid and we cannot say from this record that it is so manifestly against the weight of the evidence that a reviewing court would be justified in disturbing the judgment. In fact we think it was in accordance with the evidence, that the hurry-up purchase of these thirteen tea tables exactly equalling the amount that The Factory Furniture Company owed the New York Company apparently was an attempt to force The R and E Wood Shops Company to pay the bill of the other company. Considering the small amount involved in this lawsuit it has many complications, but we think an understanding of this record would satisfy anybody that the trial court was right.

That being so, there is nothing for this court to do but to affirm the judgment. The judgment will, therefore, be affirmed.

LEVINE, PJ and WEYGANDT, J, concur.